UNITED STATES of America,
Plaintiff-Appellee,

v.

Allan Anthony BURNIM,
Defendant-Appellant.

No. 77–2960.

United States Court of Appeals,
Ninth Circuit.

June 5, 1978.

William J. Bender, Asst. Federal Public Defender (argued), Seattle, Wash., for defendant-appellant.

David E. Wilson, Asst. U. S. Atty. (argued), Seattle, Wash., for plaintiff-appellee.

Before DUNIWAY, CUMMINGS * and SNEED, Circuit Judges.

DUNIWAY, Circuit Judge:

Burnim appeals from his conviction for unarmed bank robbery, a violation of 18 U.S.C. § 2113(a). He was found guilty after a court trial at which the only contested issue was his sanity at the time of the offense. We affirm the conviction.

The question presented is neatly posed by the trial judge's special findings of fact:

---

* The Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation.

1. The Court finds that the defendant is guilty as charged of bank robbery, in violation of Title 18, United States Code, Section 2113(a).

2. The Court finds that at the time of the offense, the defense [sic] suffered from an organic brain defect.

3. The Court finds that at the time the defendant entered the bank, that he lacked substantial capacity to appreciate the moral wrongfulness of his conduct, and that he lacked substantial capacity to conform his conduct to the requirements of the law.

4. The Court finds, however, that the government has proved beyond a reasonable doubt that the absence of capacity did not stem solely from the organic brain defect alone, but that the absence of capacity stemmed from a combination of the brain defect and alcohol which the defendant had voluntarily ingested prior to the robbery.

5. The Court finds that if there had existed at the time of the robbery the brain defect alone, that the defendant would have had the capacity to appreciate the moral wrongfulness of his conduct and to conform his conduct to the requirements of the law.

These findings are fully supported by the evidence. The government presented overwhelming evidence, which the defense did not attempt to rebut, that Burnim committed the robbery with which he was charged. That evidence showed, among other things, that Burnim needed money to go to Alaska for the purpose of getting married, that before the robbery he drank a good deal of liquor to screw up his courage, and that after the robbery he hid in the woods and shaved off his beard and mustache in order to avoid being caught.

Burnim took the stand and admitted all the essential facts alleged in the indictment. His sole defense was insanity. On that issue, the court's findings are supported by the testimony of two psychiatrists, Dr. Harris, called by Burnim, and Dr. Johnson, called by the government. Indeed, the findings track their testimony with preci-

sion. Under these findings, no other verdict than guilty was possible.

 Unarmed bank robbery, as defined in the first paragraph of 18 U.S.C. § 2113(a), is a general intent crime, not a specific intent crime. *United States v. Hartfield,* 9 Cir., 1975, 513 F.2d 254, 259; *United States v. Porter,* 9 Cir., 1970, 431 F.2d 7, 10. Voluntary intoxication is no defense to such a crime. *United States v. Meeker,* 9 Cir., 1975, 527 F.2d 12, 14.

 In evaluating Burnim's mental state, the court was obliged to disregard whatever incapacitating effects were attributable to the voluntary ingestion of alcohol. When these effects were removed from consideration, only Burnim's inherent mental problems remained. These problems, however, did not render Burnim insane within the meaning of *Wade v. United States,* 9 Cir., 1970, 426 F.2d 64, nor did they render his drinking involuntary. As the district judge correctly stated in explaining his decision,

I have to take the alcohol out of the formula because that was voluntary, and if I take it out . . . it leaves only this organic brain defect, and as I indicated before, I find that the government has proved beyond a reasonable doubt that that organic brain defect alone did not deprive this defendant of substantial capacity to appreciate the moral wrongfulness of his conduct nor . . . of substantial capacity to conform his conduct to the requirements of law.

*Kane v. United States,* 9 Cir., 1968, 399 F.2d 730, is in point. There, Kane was charged with murder. His defense was insanity. The evidence showed that, like Burnim, he suffered from brain damage. Psychiatrists described him as "sane but vulnerable" (*id.* at 735), making him subject to "pathological intoxication," which meant that, if he drank, he could become "insane" under the so-called M'Naghten rules then in effect in this Circuit. Kane knew that his drinking could cause blackouts and violent behavior, and his drinking was voluntary. We held in an opinion by Judge Hamley, that the pathological intoxication did not establish the insanity defense:

Kane proceeded at the trial, and proceeds in this court, as if the testimony of Doctors Cutts, Estes and Jones, concerning so-called pathological intoxication, presents but another facet of an insanity defense. There is, perhaps, some superficial basis for such a view, inasmuch as all three of these doctors expressed the opinion, characteristic of the M'Naghten test, that at the time he shot his wife Kane did not know the nature and quality of his action and was in an uncontrollable state. But this element of the M'Naghten test is not to be read independently of the M'Naghten concept that the mental condition which produced such disability must have been brought about by circumstances beyond the control of the actor. According to these three doctors, Kane did not have this disability when he was sober. He had it only when he voluntarily began to drink. It is true that, because of pathological intoxication, it took less liquor to produce unsocial results than with one not so afflicted, and the unsocial results were more serious than in the case of normal intoxication. But still, the disability which he does acquire from drinking liquor was within his own control and cannot be classified as a mental illness excusing criminal responsibility. (footnote omitted) 399 F.2d at 735–36.

In the case at bar, Burnim's argument is exactly like the argument rejected by us in *Kane.* It is true that since *Kane* was decided, we have rejected the M'Naghten definition of insanity in favor of a modified form of the American Law Institute's proposed rules. *Wade v. United States, supra.* But nothing in *Wade* purports to change the rule that the mental disability, however defined, must have been brought about by circumstances beyond the control of the actor. That is the rule that the trial court properly applied in this case.

Burnim claims too much for *United States v. Cooper,* 9 Cir., 1972, 465 F.2d 451, which he cites for the broad proposition that "the voluntary intoxication rule applies only where intoxication was the sole factor in bringing about the defendant's state of mind." In *Cooper* a psychiatrist testified that the defendant was not responsible for his crime because he was suffering from the combined effects of acute pain, mental illness, and over-consumption of the tranquilizer Valium when he committed it. Relying on *Buatte v. United States,* 9 Cir., 1964, 330 F.2d 342, we held that this testimony shifted to the government the burden of proving the defendant sane beyond a reasonable doubt and that the government had presented insufficient testimony in rebuttal to carry its burden. In *Cooper* we did not reach, nor were we obliged to reach, the issue of voluntary intoxication. We did not conclude that the defendant's voluntary ingestion of Valium did, or did not, bar a successful insanity defense. We merely held that the lay testimony presented by the government in that case was insufficient as a matter of law to support a determination, beyond a reasonable doubt, that Cooper was sane when he committed the offense with which he was charged. Here, on the other hand, the evidence does support the finding of the trial court that Burnim's "insanity" was the product of his voluntary intoxication, in the absence of which he would not have been insane.

Affirmed.