9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eddie JENNINGS, Defendant-Appellant.
 No. 84-6405.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.
Submission Withdrawn Nov. 9, 1992.
Resubmitted Oct. 1, 1993.*
Decided Nov. 10, 1993.
 
 Before: D.W. NELSON, HALL, and RYMER, Circuit Judges.
 
 
 1
 Eddie Jennings appeals the summary denial of his 28 U.S.C. § 2255 motion to vacate his sentence and conviction pursuant to a guilty plea. We affirm.
 
 
 2
 * Jennings claims that the trial court erred in failing to order a hearing or psychiatric examination to determine his competence to enter a guilty plea. Because Jennings did not request that the trial court hold such proceedings, our inquiry is limited to whether the trial court should have ordered these proceedings on its own motion. We find that Jennings' behavior and psychiatric history did not necessitate sua sponte action by the trial court.
 
 
 3
 Jennings' brief treatment for "emotional disturbance" nine years prior to his guilty plea was "overshadowed by other evidence of present competency" including his statements under oath that he had not experienced any subsequent problems. Chavez v. United States, 656 F.2d 512, 518 (9th Cir.1981). Moreover, the plea agreement does not suggest an irrational choice; after numerous motions testing the government's case, Jennings accepted the agreement to avoid the possibility of the death penalty on state charges. Jennings did not have access to drugs for at least ten days prior to the plea proceeding, denied taking any drugs regularly, and did not exhibit withdrawal symptoms. The circumstances did not create the doubt necessary to compel the trial court to order a psychiatric examination or competency hearing on its own motion. See 18 U.S.C. § 4244 (1982) (absent "reasonable cause to believe" defendant may not be able to understand or participate in proceeding trial court need not request psychiatric examination on its own motion); Chavez, 656 F.2d at 515 (no requirement for sua sponte competency hearing unless trial judge should reasonably entertain good faith doubt as to defendant's ability to understand nature and consequences of plea, participate intelligently and make reasoned choice).
 
 II
 
 4
 Jennings next argues that the trial court, defense counsel and the United States Probation Office failed to consider the effect of his daily drug usage on his competence to commit the crime. This argument fails for two reasons.
 
 
 5
 Bank robbery, as defined in 18 U.S.C. § 2113(a), is a general intent crime to which voluntary drug usage is no defense. United States v. Darby, 857 F.2d 623, 626 (9th Cir.1988); United States v. Burnim, 576 F.2d 236, 237 (9th Cir.1978). Jennings pleaded guilty to violating § 2113(e), which proscribes "killing" a person while committing any of a number of offenses, including bank robbery. Because the additional element of "killing" does not introduce a mental element, we find that § 2113(e) defines a general intent crime when the underlying offense, such as a completed bank robbery, is a general intent crime. Accordingly, Jennings' alleged incompetence to commit the offense due to his voluntary drug usage would not serve as a defense.[1] See United States v. Burnim, 576 F.2d 236, 237 (9th Cir.1978) (voluntary drug usage not a defense to a general intent crime).
 
 
 6
 Moreover, Jennings' statements under oath at the time of his plea contradict his current assertions. At that time, Jennings denied being incompetent or feeling incompetent when he committed the offense and affirmed that at the time of the offense he knew what he was doing and realized what was happening. Thus, we reject Jennings' "competency" argument.
 
 III
 
 7
 Jennings also challenges the effectiveness of his counsel. "A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." United States v. Signori, 844 F.2d 635, 638 (9th Cir.1988). In challenging a guilty plea for ineffective assistance of counsel, a defendant must demonstrate "both that his counsel's performance was deficient and that the deficient performance prejudiced his defense." Id. Counsel's error or omission must reflect a failure to exercise the skill, judgment, or diligence of a reasonably competent criminal defense attorney. United States v. Sanford, 673 F.2d 1070, 1073 (9th Cir.1982).
 
 
 8
 We find that Jennings received effective assistance of counsel. For the reasons set forth above, the failure to pursue a defense of diminished capacity or to question Jennings' mental capacity to enter a plea of guilty do not constitute failure to exercise the requisite skill or judgment. Furthermore, a review of the record reveals that defense counsel diligently prepared Jennings' case for trial, evidenced by the many pretrial motions filed on Jennings' behalf. Defense counsel's alleged inaccurate prediction of Jennings' sentence, without more, does not constitute ineffective assistance. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990).
 
 
 9
 Moreover, Jennings has neither alleged nor demonstrated prejudice. The trial court advised Jennings of the maximum possible sentence before accepting Jennings' plea, see id., and Jennings does not represent that " 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial,' " Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir.1986) (quoting Hill v. Lockhardt, 106 S.Ct. 366, 371 (1985)). Jennings' ineffective assistance of counsel claims fail.
 
 IV
 
 10
 Lastly, we consider Jennings' assertion that the significant delays in this appeal have deprived him of due process. In evaluating appellate delay claims, the court should consider: "(1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right to appeal; and (4) the prejudice to the defendant." United States v. Tucker, No. 87-5090 slip op. 12153, 12159 (9th Cir. Oct. 29, 1993). "The fourth inquiry is the most important: 'a due process violation cannot be established absent a showing of prejudice to the appellant.' We have in turn analyzed this issue by focusing on three types of potential prejudice from appellate delay: '(1) oppressive incarceration pending appeal, (2) anxiety and concern of the convicted party awaiting the outcome of the appeal, and (3) impairment of the convicted person's grounds for appeal or of the viability of his defense in case of retrial.' " Id. (citation omitted).
 
 
 11
 Because his appeal is meritless, the first and third factors do not establish prejudice. See id. Although Jennings may have experienced anxiety and concern during this appeal, he "has made no showing that it was to such a degree as 'would distinguish his case from that of any other prisoner awaiting the outcome of an appeal.' " Id. at 12160 (citation omitted). Because Jennings has not demonstrated that he was prejudiced by the delay in hearing this appeal, we have no basis for granting his motion to vacate his sentence and conviction.
 
 V
 
 12
 For the reasons stated herein, the decision of the district court is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To avoid this conclusion, Jennings mischaracterizes his offense as "murder" occurring during the commission of a completed bank robbery