UNITED STATES of America,
Plaintiff–Appellee,

v.

William SOLANO, Defendant–Appellant.

No. 92–10648.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 1993.

Decided Dec. 1, 1993.

Dennis P. Riordan, Riordan & Rosenthal, San Francisco, CA, for defendant-appellant.

Kent Walker, Asst. U.S. Atty., San Francisco, CA, for plaintiff-appellee.

Before: ALARCÓN, LEAVY and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

We are compelled to reverse because of an error in the duress instruction.

## I. Facts

Solano rented a storage locker for a methamphetamine laboratory. His defense was duress, that a man whom he reasonably feared would otherwise kill him forced him to rent the locker. The jury acquitted him of two counts of manufacturing, but convicted him of six counts of attempting to manufacture and possession with knowledge or intent to manufacture. The prosecution used an aiding and abetting theory on all counts.

Solano testified. As to Count VII, possession of a listed chemical with knowledge or reasonable cause to believe that it will be used to manufacture a controlled substance, he admitted all the elements, but only on a knowledge theory of the crime, not an intent theory. He testified that his intent was to stay alive, not to make methamphetamine. As he explained the events, he was a former Hell's Angel, and was forced to rent the storage locker by Richard Smith, a Hell's Angel chapter president. Smith threatened to kill him and his family if Solano did not do as he was told. Solano testified that he had been present in court in a 1979 trial when the government put on testimony that the Hell's Angels had killed a woman in the federal witness protection program and a former member and his seven year old son, and had bombed a federal officer during the trial. He believed that he would immediately be killed if he did not comply. Smith subsequently died, but Solano kept paying rent on the storage locker for a while, and did not turn himself in to the authorities even after he stopped paying rent and abandoned the things in the locker. Solano assumed, though Smith did not say so, that other

people in the Hell's Angels were involved with the methamphetamine laboratory.

## II. Analysis

Solano makes four claims of error, two on the duress instruction and two on exclusion of evidence. Reversal is required on one of them, so we need not reach the others.

### A. The extra element.

The error on which we reverse is that the instruction included an element which should have been omitted. "Whether a jury instruction misstates the applicable law is a legal question we review *de novo.*" *United States v. Lopez,* 885 F.2d 1428, 1433 (9th Cir.1989), *cert. denied,* 493 U.S. 1032, 110 S.Ct. 748, 107 L.Ed.2d 765 (1990). The district judge gave the following duress instruction:

> The defendant has offered evidence to show that he was acting under duress at the time the crimes were committed. It is a defense to the charges if it is proven,
>
> (1) That the defendant was under an immediate threat of death or serious bodily injury,
>
> (2) That the defendant had a well-grounded fear that the threat would be carried out,
>
> (3) That the defendant lacked a reasonable opportunity to escape the threatened harm, and
>
> (4) That the defendant surrendered to the proper authorities promptly after attaining a position of safety.

■ The problem is the fourth element, which required that Solano have "surrendered to the proper authorities promptly after attaining a position of safety." The fourth element, surrender to authorities, could not be included in the duress instruction, because this was not a prison escape case. The government makes a plausible argument for extension of the self-surrender requirement beyond escape cases to continuing offenses, but we are not at liberty to accept it. We have previously held that "this fourth element seems to be required only in prison escape cases. Under other circumstances, the defense has been defined to include only three elements." *United States v.*

*Contento–Pachon,* 723 F.2d 691, 694 (9th Cir. 1984) (citations omitted).

The government argues that we are limited to review for plain error, because Solano did not object to inclusion of the fourth element. But the defense had submitted a correct proposed instruction based upon the Ninth Circuit Manual of Model Jury Instructions and *Contento–Pachon.* The government had submitted a proposed duress instruction that included the fourth element, and the defense expressly argued in a written brief to the district court that the fourth element could not be used, under *Contento–Pachon.* This was a sufficient objection. Fed.R.Crim.P. 30; *United States v. Kessi,* 868 F.2d 1097, 1102 (9th Cir.1989).

### B. Harmless error.

■ We cannot conclude that inclusion of the fourth element was harmless. It might have affected the jury's verdict. The jury might have believed Solano's testimony about the threat, and the inescapability of the threat because the Hell's Angels had killed a woman in the federal witness protection program, but thought his testimony about the risk after Smith died was too speculative to be believed. If so, the jury might have reasoned that Solano could have turned himself in after Smith died, so the fourth element of the duress instruction prevented him from taking advantage of the defense.

Nor can we affirm on the basis that Solano was not entitled to a duress instruction at all, so error in the instruction could not have prejudiced him. The government conceded that a duress instruction should be given on Count VII after Solano admitted all the elements of that count, but claimed duress, and the government proposed a similar instruction to the one which the judge gave. The judge gave the duress instruction for all the counts charged, not just Count VII, so he must have found an evidentiary basis for it. The government did not object to the instruction that was given. Solano built a significant part of his argument around it. It is too late to say no duress instruction was needed.

Another reason why we could not conclude that the instruction was harmless error, even if we concluded that a sufficient basis for

duress had not been established, is that the instruction included a confusing statement about burden of proof. The words were: "It is a defense to the charges if it is proven, . . . ." Proven by which side? to what level of certainty? The jury was not told which side had the burden of proof, nor was it told what standard of proof applied. The standard and burden of proof of duress was complex, and may have varied between counts according to which charge mens rea crimes. *See United States v. Dominguez–Mestas*, 929 F.2d 1379 (9th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 419, 116 L.Ed.2d 440 (1991). We cannot be sure that the jury confined to the duress issue the confusing "if it is proven" language. In the context of this case, the jury might have understood the language to mean that if he rented the storage locker, Solano had to prove that he did not act with criminal intent, rather than that the government had to prove that he did so act as to the mens rea counts.

The two evidentiary issues are serious and could arise on retrial. But a different judge will try the case because the trial judge has died, and the evidentiary context may well develop differently, so we intimate no view on those issues which might constrain the discretion of the trial judge.

REVERSED.