91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Edward ELLIOTT, Defendant-Appellant.
 No. 94-10378.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 10, 1996.
Decided July 5, 1996.
 
 Before: REINHARDT and HALL, Circuit Judges, MERHIGE, District Judge.*
 MEMORANDUM**
 Defendant-Appellant Kenneth Edward Elliott appeals his conviction for violations of 18 U.S.C. § 2119, 18 U.S.C. § 924(c), and 18 U.S.C. § 922(g). The district court sentenced Elliott to 78 months for the first count and a consecutive term of 60 months for count two. Elliott also received a concurrent sentence of 120 months for count three. We affirm all issues, but remand for resentencing.
 I.
 Elliott argues that during the prosecution's closing argument, the government misstated the elements of the insanity defense and that this misstatement constitutes reversible error.
 In his closing argument, the prosecutor stated that there were four elements which Elliott had to prove to qualify for an insanity defense: (1) that he suffered from delirium on the day of the crimes; (2) that the delirium was severe enough to constitute mental disease or defect; (3) that the delirium was not brought on by voluntary intoxication caused by drugs or alcohol; and (4) that as a result of the delirium, Elliott could not appreciate the wrongfulness of his acts. It is the third element which Elliott takes to task.
 To the extent that the government argued that Elliott could not claim he was insane if his delirium was induced by voluntary intoxication, the prosecution's argument conformed with caselaw. See United States v. Knott, 894 F.2d 1119, 1123 (9th Cir.1990) (holding that a "mental disease or defect must be beyond the control of the defendant if it is to vitiate his responsibility for the crime committed.... Insanity that is in any part due to a defendant's voluntary intoxication is not beyond his control."); see also United States v. Burnim, 576 F.2d 236, 238 (9th Cir.1978) (finding that defendant with an organic brain defect who became intoxicated and robbed a bank was not covered by insanity defense because "disability which he [ ] acquire[d] from drinking liquor was within his own control and [could] not be classified as a mental illness excusing criminal responsibility.")
 Where the government erred was in placing the burden of proof on Elliott to demonstrate that his delirium was not caused by drugs and alcohol. This was a misstatement of the law because under 18 U.S.C. § 17(a), Elliott need only prove by clear and convincing evidence that as a result of a severe mental disease or defect, he was unable to appreciate the nature and quality or wrongfulness of his acts. Requiring Elliott to prove something in the negative--i.e. Elliott did not drink or use drugs close to the time of the crimes--creates an extra and onerous burden on the defense.
 However, we find this error to be harmless. First, the jury instructions as given were correct. Following closing arguments, the court instructed the jury that:
 A defendant is insane if, but only if, at the time of the crime charged,
 1. The defendant had a severe mental disease or defect; and
 2. As a result, the defendant was unable to appreciate the nature and quality or the wrongfulness of his acts.
 The defendant must prove insanity at the time by clear and convincing evidence--that is, that it is highly probable that the defendant was insane.
 The court also properly instructed the jury that "the mental effects of voluntary drug or alcohol intoxication at the time of a crime may not be considered in determining a defendant's sanity. Nor is voluntary drug or alcohol intoxication a defense on its own to the crimes charged in this case."
 Second, the judge cautioned that jury that "[c]ertain things are not evidence and are to be disregarded in deciding what the facts are ... Arguments or statements by lawyers are not evidence." The jury was also told that its "verdict must be based solely on the evidence in the case and the law as the Court has given it to you in these instructions, not on anything else." Thus, the jury was given the correct instructions as to the law, and also a cautionary instruction that vitiated any harm or confusion caused by the government's argument. See United States v. Manning, 56 F.3d 1188, 1199 (9th Cir.1995) (finding no plain error where prosecutor misstated burden of proof, but court gave jury correct instructions on burden of proof); see also United States v. Becker, 720 F.2d at 1036 (prosecutor's misstatement of law harmless error where district court's instructions cleared up any confusion).[1]
 II.
 Defendant argues that the court erred in adding a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 because he only conspired to escape from prison, and made no actual attempt at escape. We find his argument without merit.
 Although Application Note 3(e) to U.S.S.G. § 3C1.1 includes only "escaping or attempting to escape from custody before trial or sentencing" and does not specifically mention "conspiracy to escape," we note that by its own language, the application note states it is a "non-exhaustive list of examples of the types of conduct to which this enhancement applies." U.S.S.G. § 3C1.1, application note 3(e) (emphasis added).
 Furthermore, Application Note 2 notes that "[o]bstructive conduct can vary widely in nature, degree of planning, and seriousness ... Although the conduct to which this enhancement applies is not subject to precise definition, comparison of the examples set forth in Application Notes 3 and 4 should assist the court in determining whether application of this enhancement is warranted in this particular case." Accordingly, we find that conspiracy to escape constitutes an obstruction of justice and is therefore covered by section 3C1.1
 
 
 1
 The fact that Elliott was never convicted for attempting to escape does not change the analysis.[2] To qualify for an enhancement, the government need only prove by a preponderance of evidence that defendant's action obstructed or impeded the administration of justice. United States v. Alonso, 48 F.3d 1536, 1546 (9th Cir.1995); United States v. Wilson, 900 F.2d 1350, 1354 (9th Cir.1990); see also U.S.S.G. § 6A1.3(a) ("... [T]he court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.")
 
 
 2
 Here, the district court relied upon FBI agent Bruce A. Burroughs' affidavit which detailed Elliott's escape plan. This circuit has held that even an uncorroborated affidavit sworn out by a government agent is sufficient evidence upon which to base an enhancement for obstruction. Alonso, 48 F.3d at 1546. Accordingly, we affirm the court's two-level enhancement.
 
 III.
 
 3
 Elliott contends that the use of a 1986 interview in which Elliott admitted to his presentencing officer that he drank up to 24 cans of beer a day and was a binge drinker violated Federal Rule of Evidence 404(b). Elliott is incorrect. The prosecution introduced the report, not for other acts evidence, but to impeach Elliott's testimony that as of 1993, he would drink only "once in a while" and that his alcohol problems occurred "a long time ago." Federal Rule of Evidence 608(b) "specifically contemplates inquiries into prior behavior in order to challenge a witness's [sic] credibility." United States v. Scott, 74 F.3d 175 (9th Cir.1996) (quoting United States v. Gay, 967 F.2d 322, 328 (9th Cir.) cert. denied, 506 U.S. 929 (1992)). Accordingly, use of the material in the 1986 presentence report did not violate Rule 404(b).
 
 IV.
 
 4
 Elliott also argues that the district court erred in allowing the government to refer to his 1993 probation report in cross-examining Dr. Jackman and Dr. Riley.
 
 
 5
 Federal Rule of Evidence 705 provides that an expert may testify "in terms of opinion or inference and give his reasons therefor without first testifying to the underlying facts or data, unless the court requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination." Here, in both instances, the government referred to the 1993 report in order to determine what underlying facts and data the experts based their opinions upon. Reviewing the record, it appears the prosecution referred to the report solely to demonstrate that contrary to the case history the doctors had compiled, Elliott had been drinking more heavily than he claimed in his interviews with the doctors. No mention was made by the government or the expert witnesses to the conduct underlying the 1993 probation report. Accordingly, we find the court did not err in allowing this line of questioning.
 
 V.
 
 6
 Elliott argues that his theft of the truck, which occurred after he hijacked the Mercedes, was inadmissible as "other acts" evidence under Federal Rule of Evidence 404(b) and was procured in violation of his Fifth Amendment rights.
 
 A.
 
 7
 This circuit has held that "[e]vidence should not be treated as 'other crimes' evidence when the evidence concerning the [other] act and the evidence concerning the crime charged are inextricably intertwined." United States v. Soliman, 813 F.2d 277, 279 (9th Cir.1987). "In such cases, the policies supporting the exclusion of evidence under Rule 404(b) are inapplicable, since the evidence is not being presented to 'prove the character of a person in order to show action in conformity therewith.' " Ramirez-Jiminez, 967 F.2d at 1327 (quoting Fed.R.Evid. 404(b)). "Instead the evidence is 'direct evidence,' used to flesh out the circumstances surrounding the crime with which the defendant has been charged, thereby allowing the jury to make sense of the testimony in its proper context." Id.
 
 
 8
 Here, testimony that Elliott stole the pickup truck was admitted not to show that Elliott was a thief with a predilection for driving stolen vehicles. Instead, it was meant to "flesh out the circumstances surrounding" the carjacking by demonstrating how the Mercedes ended up on Highway 24 near Oakland and how Elliott was found nearby and arrested with the same shotgun he used in the carjacking.[3] These facts allowed "the jury to make sense of the testimony in its proper context." Thus, we find that the testimony regarding the stolen truck was "inextricably intertwined" with the carjacking offense and therefore not "other crimes" evidence.
 
 B.
 
 9
 Elliott argues that the CHP officer McAdams' testimony regarding the stolen truck was inadmissible because Officer McAdams failed to inform Elliott of his Miranda rights. In failing to file a motion to suppress this testimony below, Elliott has waived this claim on appeal. United States v. Cupa-Guillen, 34 F.3d 860, 863-64 (9th Cir.1994), cert. denied, 115 S.Ct. 921 (1995). Therefore, we dismiss this claim.
 
 VI.
 
 10
 Elliott argues that during trial his attorney provided ineffective assistance of counsel because he failed to object to other acts evidence.
 
 
 11
 If the record is "sufficiently complete to allow [the court] to decide the issue," we can consider an ineffective assistance of counsel claim. United States v. Hanoum, 33 F.3d 1128, 1131 (9th Cir.1994) cert. denied, 115 S.Ct. 1702 (1995). However, the "customary procedure in this Circuit for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255, and this Court has been chary of analyzing insufficiency of counsel claims on direct appeal." Id.
 
 
 12
 Here, we decline to consider Elliott's claim because it is not clear that defense counsel committed any error and the record is not yet fully developed as to this issue.
 
 VII.
 
 13
 Elliott also contends that the district court erred in giving him an enhanced sentence for use of a gun in commission of a crime. Having reviewed the record, we find that his argument is factually incorrect because his base offense level was never enhanced for use of a gun. Therefore, we deny Elliott's claim.
 
 VIII.
 
 14
 Finally, Elliott argues, and the government concedes, that the district court erred in failing to group Counts One and Three for purposes of sentencing. Grouping is appropriate where the counts involve the same victim and the same act or transaction, U.S.S.G. § 3D1.2(a); thus, in Elliott's presentencing report, the Probation Office grouped Counts One and Three because the counts involved the same victim and same transaction. Although the court acknowledged that this grouping was correct, it nevertheless sentenced Elliott to a 120-month concurrent sentence for Count Three.
 
 
 15
 The general practice in this circuit is to "vacate the entire sentence and remand for resentencing whenever we find that a sentence was imposed in excess of the sentencing court's authority." Caterino v. United States, 29 F.3d 1390, 1395 (9th Cir.1994). Accordingly, because Elliott's sentence for Count Three should not have exceeded 78 months, we vacate the sentence and remand to the district court for resentencing.
 
 IX.
 
 16
 We AFFIRM as to all issues, but find that the district court erred in sentencing Elliott. We therefore VACATE Elliott's sentence and REMAND to the district court for resentencing pursuant to Caterino.
 
 
 
 *
 The Hon. Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Relying on United States v. Solano, 10 F.3d 682 (9th Cir.1993), Elliott argues that the court should find the prosecutor's remarks constituted harmful error. In Solano, the district judge gave an instruction on duress which included an additional element that was incorrect as a matter of law. On appeal, the court concluded that the inclusion of the fourth element was not harmless error because the additional element may have prevented defendant from taking advantage of the duress defense and because it could have affected the jury's verdict. Id. at 683
 In contrast, the jury instructions given here were correct. Furthermore, the court admonished the jury not to consider closing arguments as evidence and also ordered the jury to base its verdict on the "law as the Court has given it ... in these instructions, [and] not on anything else." Thus, Solano is inapplicable.
 
 
 [2]
 Elliott requests that the court take judicial notice of Judge Saundra Brown Armstrong's order dismissing United States v. Cornejo, No. CR 94-206 SBA. At oral argument, counsel declined to rely on any material contained in the order. Accordingly, the motion is denied as irrelevant to any argument before us
 
 
 [3]
 The carjacking victim, the eyewitness who saw Elliott hotwiring the pick-up truck, and the CHP officer who arrested Elliott near the truck all linked Elliott to Government's Exhibit 16, the long-barrelled shotgun in Elliott's possession upon his arrest