UNITED STATES of America,
Plaintiff-Appellee,

v.

Juan Manuel CONTENTO–PACHON,
Defendant-Appellant.

No. 82–1687.

United States Court of Appeals,
Ninth Circuit.

Submitted July 8, 1983.

Decided Jan. 12, 1984.

Nicholas DeWitt, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Samuel Jackson, Los Angeles, Cal., for defendant-appellant.

Before FERGUSON and BOOCHEVER, Circuit Judges, and COYLE, District Judge *.

BOOCHEVER, Circuit Judge.

This case presents an appeal from a conviction for unlawful possession with intent to distribute a narcotic controlled substance in violation of 21 U.S.C. § 841(a)(1) (1976). At trial, the defendant attempted to offer

* Hon. Robert E. Coyle, United States District Judge for the Eastern District of California, sitting by designation.

evidence of duress and necessity defenses. The district court excluded this evidence on the ground that it was insufficient to support the defenses. We reverse because there was sufficient evidence of duress to present a triable issue of fact.

## I. FACTS

The defendant-appellant, Juan Manuel Contento-Pachon, is a native of Bogota, Colombia and was employed there as a taxicab driver. He asserts that one of his passengers, Jorge, offered him a job as the driver of a privately-owned car. Contento-Pachon expressed an interest in the job and agreed to meet Jorge and the owner of the car the next day.

Instead of a driving job, Jorge proposed that Contento-Pachon swallow cocaine-filled balloons and transport them to the United States. Contento-Pachon agreed to consider the proposition. He was told not to mention the proposition to anyone, otherwise he would "get into serious trouble." Contento-Pachon testified that he did not contact the police because he believes that the Bogota police are corrupt and that they are paid off by drug traffickers.

Approximately one week later, Contento-Pachon told Jorge that he would not carry the cocaine. In response, Jorge mentioned facts about Contento-Pachon's personal life, including private details which Contento-Pachon had never mentioned to Jorge. Jorge told Contento-Pachon that his failure to cooperate would result in the death of his wife and three year-old child.

The following day the pair met again. Contento-Pachon's life and the lives of his family were again threatened. At this point, Contento-Pachon agreed to take the cocaine into the United States.

The pair met two more times. At the last meeting, Contento-Pachon swallowed 129 balloons of cocaine. He was informed that he would be watched at all times during the trip, and that if he failed to follow Jorge's instruction he and his family would be killed.

After leaving Bogota, Contento-Pachon's plane landed in Panama. Contento-Pachon asserts that he did not notify the authorities there because he felt that the Panamanian police were as corrupt as those in Bogota. Also, he felt that any such action on his part would place his family in jeopardy.

When he arrived at the customs inspection point in Los Angeles, Contento-Pachon consented to have his stomach x-rayed. The x-rays revealed a foreign substance which was later determined to be cocaine.

At Contento-Pachon's trial, the government moved to exclude the defenses of duress and necessity. The motion was granted. We reverse.

### A. DURESS

■ There are three elements of the duress defense: (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape the threatened harm. *United States v. Shapiro,* 669 F.2d 593, 596 (9th Cir.1982). Sometimes a fourth element is required: the defendant must submit to proper authorities after attaining a position of safety. *United States v. Peltier,* 693 F.2d 96 (9th Cir.1982) (per curiam).

■ Factfinding is usually a function of the jury, and the trial court rarely rules on a defense as a matter of law. *See Sandstrom v. Montana,* 442 U.S. 510, 523, 99 S.Ct. 2450, 2459, 61 L.Ed.2d 39 (1979). If the evidence is insufficient as a matter of law to support a duress defense, however, the trial court should exclude that evidence. *United States v. Glaeser,* 550 F.2d 483, 487 (9th Cir.1977).

The trial court found Contento-Pachon's offer of proof insufficient to support a duress defense because he failed to offer proof of two elements: immediacy and inescapability.[1] We examine the elements of duress.

---

1. We believe that a triable issue was presented as to the third element, that the fear be well-      grounded, based on the same facts that lead us

■ *Immediacy*: The element of immediacy requires that there be some evidence that the threat of injury was present, immediate, or impending. "[A] veiled threat of future unspecified harm" will not satisfy this requirement. *Rhode Island Recreation Center v. Aetna Casualty and Surety Co.,* 177 F.2d 603, 605 (1st Cir.1949). *See also United States v. Atencio,* 586 F.2d 744, 746 (9th Cir.1978) (per curiam) (citing *United States v. Patrick,* 542 F.2d 381 (7th Cir. 1976)). The district court found that the initial threats were not immediate because "they were conditioned on defendant's failure to cooperate in the future and did not place defendant and his family in immediate danger."

Evidence presented on this issue indicated that the defendant was dealing with a man who was deeply involved in the exportation of illegal substances. Large sums of money were at stake and, consequently, Contento-Pachon had reason to believe that Jorge would carry out his threats. Jorge had gone to the trouble to discover that Contento-Pachon was married, that he had a child, the names of his wife and child, and the location of his residence. These were not vague threats of possible future harm. According to the defendant, if he had refused to cooperate, the consequences would have been immediate and harsh.

Contento-Pachon contends that he was being watched by one of Jorge's accomplices at all times during the airplane trip. As a consequence, the force of the threats continued to restrain him. Contento-Pachon's contention that he was operating under the threat of immediate harm was supported by sufficient evidence to present a triable issue of fact.

■ *Escapability*: The defendant must show that he had no reasonable opportunity to escape. *See United States v. Gordon,* 526 F.2d 406, 407 (9th Cir.1975). The district court found that because Contento-Pachon was not physically restrained prior to the time he swallowed the balloons, he could have sought help from the police or fled. Contento-Pachon explained that he did not

to the conclusion as to the immediacy of the

report the threats because he feared that the police were corrupt. The trier of fact should decide whether one in Contento-Pachon's position might believe that some of the Bogota police were paid informants for drug traffickers and that reporting the matter to the police did not represent a reasonable opportunity of escape.

■ If he chose not to go to the police, Contento-Pachon's alternative was to flee. We reiterate that the opportunity to escape must be reasonable. To flee, Contento-Pachon, along with his wife and three year-old child, would have been forced to pack his possessions, leave his job, and travel to a place beyond the reaches of the drug traffickers. A juror might find that this was not a reasonable avenue of escape. Thus, Contento-Pachon presented a triable issue on the element of escapability.

■ *Surrender to Authorities*: As noted above, the duress defense is composed of at least three elements. The government argues that the defense also requires that a defendant offer evidence that he intended to turn himself in to the authorities upon reaching a position of safety. Although it has not been expressly limited, this fourth element seems to be required only in prison escape cases. *United States v. Peltier,* 693 F.2d 96, 98 (9th Cir.1982) (per curiam); *United States v. Michelson,* 559 F.2d 567, 570 (9th Cir.1977). Under other circumstances, the defense has been defined to include only three elements. *United States v. Shapiro,* 669 F.2d 593, 596 (9th Cir.1982) (sale of drugs); *United States v. Atencio,* 586 F.2d 744, 746 (9th Cir.1978) (per curiam) (failure to appear for trial); and *United States v. Wood,* 566 F.2d 1108, 1108 (9th Cir.1977) (per curiam) (carrying a knife in a federal prison).

The Supreme Court in *United States v. Bailey,* 444 U.S. 394, 413, 100 S.Ct. 624, 636, 62 L.Ed.2d 575 (1980), noted that "escape from federal custody ... is a continuing offense and ... an escapee can be held liable for failure to return to custody as

threats.

well as for his initial departure." This factor would not be present in most crimes other than escape.

In cases not involving escape from prison there seems little difference between the third basic requirement that there be no reasonable opportunity to escape the threatened harm and the obligation to turn oneself in to authorities on reaching a point of safety. Once a defendant has reached a position where he can safely turn himself in to the authorities he will likewise have a reasonable opportunity to escape the threatened harm.

That is true in this case. Contento-Pachon claims that he was being watched at all times. According to him, at the first opportunity to cooperate with authorities without alerting the observer, he consented to the x-ray. We hold that a defendant who has acted under a well-grounded fear of immediate harm with no opportunity to escape may assert the duress defense, if there is a triable issue of fact whether he took the opportunity to escape the threatened harm by submitting to authorities at the first reasonable opportunity.

## B. NECESSITY

■ The defense of necessity is available when a person is faced with a choice of two evils and must then decide whether to commit a crime or an alternative act that constitutes a greater evil. *United States v. Richardson,* 588 F.2d 1235, 1239 (9th Cir. 1978), *cert. denied,* 441 U.S. 931, 99 S.Ct. 2049, 60 L.Ed.2d 658, 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979). Contento-Pachon has attempted to justify his violation of 21 U.S.C. § 841(a)(1) by showing that the alternative, the death of his family, was a greater evil.

Traditionally, in order for the necessity defense to apply, the coercion must have had its source in the physical forces of nature. The duress defense was applicable when the defendant's acts were coerced by a human force. W. LaFave & A. Scott, *Handbook on Criminal Law* § 50 at 383

(1972). This distinction served to separate the two similar defenses. But modern courts have tended to blur the distinction between duress and necessity.

It has been suggested that, "the major difference between duress and necessity is that the former negates the existence of the requisite mens rea for the crime in question, whereas under the latter theory there is no actus reus." *United States v. Micklus,* 581 F.2d 612, 615 (7th Cir.1978). The theory of necessity is that the defendant's free will was properly exercised to achieve the greater good and not that his free will was overcome by an outside force as with duress.

■ The defense of necessity is usually invoked when the defendant acted in the interest of the general welfare. For example, defendants have asserted the defense as a justification for (1) bringing laetrile into the United States for the treatment of cancer patients, *Richardson,* 588 F.2d at 1239; (2) unlawfully entering a naval base to protest the Trident missile system, *United States v. May,* 622 F.2d 1000, 1008–09 (9th Cir.), *cert. denied,* 449 U.S. 984, 101 S.Ct. 402, 66 L.Ed.2d 247 (1980); (3) burning Selective Service System records to protest United States military action, *United States v. Simpson,* 460 F.2d 515, 517 (9th Cir.1972).

Contento-Pachon's acts were allegedly coerced by human, not physical forces. In addition, he did not act to promote the general welfare. Therefore, the necessity defense was not available to him. Contento-Pachon mischaracterized evidence of duress as evidence of necessity. The district court correctly disallowed his use of the necessity defense.

## II. CONCLUSION

Contento-Pachon presented credible evidence that he acted under an immediate and well-grounded threat of serious bodily injury, with no opportunity to escape. Because the trier of fact should have been allowed to consider the credibility of the proffered evidence,[2] we reverse. The dis-

2. The dissent takes the position that the trial

court made findings adverse to the duress de-

trict court correctly excluded Contento-Pachon's necessity defense.

REVERSED and REMANDED.

COYLE, District Judge (dissenting in part and concurring in part):

In order to establish a defense of duress, the trial court in this case required Contento-Pachon to show (1) that he or his family was under an immediate threat of death or serious bodily injury; (2) that he had a well grounded fear that the threat would be carried out; and (3) that he had no reasonable opportunity to escape the threat. Applying this three-part test, the trial court found that the defendant's offer of proof was insufficient to support a defense of duress. The government argues that this holding should be affirmed and I agree.

The government also contends that the defense of duress includes a fourth element: That a defendant demonstrate that he submitted to proper authorities after attaining a position of safety. This is not an unreasonable requirement and I believe it should be applied. I do not agree with the majority's conclusion that the fourth element of the duress defense is only required in prison escape cases. Cases applying the fourth element have not so expressly limited its application. See, e.g., United States v. Peltier, 693 F.2d 96, 98 (9th Cir.1982); United States v. Campbell, 609 F.2d 922, 924 (8th Cir.1979), cert. denied, 445 U.S. 918, 100 S.Ct. 1282, 63 L.Ed.2d 604 (1980); United States v. Michelson, 559 F.2d 567, 569–70 (9th Cir.1977). The distinction which the majority attempts to draw between prison escape cases and non-prison escape cases is not persuasive. The force of threats which allegedly excused the defendant's failure to submit to proper authorities upon his arrival in Los Angeles are no more present, immediate, or impending than the force of threats or fear of retaliation faced by a

"snitch" upon his return to prison after an escape.

In granting the government's motion in limine excluding the defense of duress, the trial court specifically found Contento-Pachon had failed to present sufficient evidence to establish the necessary elements of immediacy and inescapability. In its Order the district court stated:

The first threat made to defendant and his family about three weeks before the flight was not immediate; the threat was conditioned upon defendant's failure to cooperate in the future and did not place the defendant and his family in immediate danger or harm. Moreover, after the initial threat and until he went to the house where he ingested the balloons containing cocaine, defendant and his family were not physically restrained and could have sought help from the police or fled. See United States v. Gordon, 526 F.2d 406 (9th Cir.1975). No such efforts were attempted by defendant. Thus, defendant's own offer of proof negates two necessary elements of the defense of duress.

In cases where the defendant's duress has been raised, the courts have indicated that the element of immediacy is of crucial importance. See, e.g., United States v. Atencio, 586 F.2d 744, 746 (9th Cir.1978); United States v. Patrick, 542 F.2d 381, 388 (7th Cir.1976); see also United States v. Polytarides, 584 F.2d 1350 (4th Cir.1978). The trial court found that the threats made against the defendant and his family lacked the requisite element of immediacy. This finding is adequately supported by the record. The defendant was outside the presence of the drug dealers on numerous occasions for varying lengths of time. There is no evidence that his family was ever directly threatened or even had knowledge of the threats allegedly directed against the defendant.

---

fense which were supported by the record. That would be an appropriate test if the case had been tried by the judge without a jury. We acknowledge that the record in this case will support a finding of guilty. The problem is that there has been evidence tendered which, if

found credible by the jury, would justify a determination that Contento-Pachon acted under duress. A defendant has the right to have a jury resolve the disputed factual issues. See Sandstrom v. Montana, 442 U.S. 510, 523, 99 S.Ct. 2450, 2459, 61 L.Ed.2d 39 (1974).

Moreover, the trial court found that the defendant and his family enjoyed an adequate and reasonable opportunity to avoid or escape the threats of the drug dealers in the weeks before his flight. Until he went to the house where he ingested the balloons containing cocaine, defendant and his family were not physically restrained or prevented from seeking help. The record supports the trial court's findings that the defendant and his family could have sought assistance from the authorities or have fled. Cases considering the defense of duress have established that where there was a reasonable legal alternative to violating the law, a chance to refuse to do the criminal act and also to avoid the threatened danger, the defense will fail. Duress is permitted as a defense only when a criminal act was committed because there was no other opportunity to avoid the threatened danger. *United States v. Hernandez,* 608 F.2d 741, 750 (9th Cir.1979); *United States v. Wood,* 566 F.2d 1108, 1109 (9th Cir.1977); *United States v. Michelson,* 559 F.2d 567, 569 (9th Cir.1977).

The district court is vested with broad discretion whether to admit or exclude proffered evidence and its rulings will not be overturned on review without a clear showing of abuse of discretion. *United States v. Brannon,* 616 F.2d 413, (9th Cir.) *cert. denied sub nom. Cox v. United States,* 447 U.S. 908, 100 S.Ct. 2993, 64 L.Ed.2d 858 (1980); *United States v. Castillo,* 615 F.2d 878 (9th Cir.1980); *United States v. Kearney,* 560 F.2d 1358 (9th Cir.) *cert. denied,* 434 U.S. 971, 98 S.Ct. 522, 54 L.Ed.2d 460 (1977). Because the district court's decision granting the government's motion *in limine* is fully and adequately supported by the record, I cannot agree that the district court abused its discretion and I therefore respectfully dissent.

I agree with the majority, however, that the district court properly excluded Contento-Pachon's necessity defense.