978 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Jerome LEVINSON, Defendant-Appellant.
 No. 90-50170.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1992.*
Decided Nov. 4, 1992.
 
 Before WALLACE, Chief Judge, and TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Jerome Levinson appeals the district court's exclusion of evidence he claims would support an affirmative defense to a charge of "failure to appear" under 18 U.S.C. § 3146(a) (1988). We review de novo a district court's determination that insufficient evidence has been proffered to support a particular defense. United States v. Brebner, 951 F.2d 1017, 1024 (9th Cir.1991). We affirm.
 
 
 3
 * Levinson contends the district court improperly sustained the government's motion in limine excluding evidence the defendant claims constitutes an "uncontrollable circumstances" defense under 18 U.S.C. § 3146(c):
 
 
 4
 It is an affirmative defense to a prosecution under this section that uncontrollable circumstances prevented the person from appearing or surrendering, and that the person did not contribute to the creation of such circumstances in reckless disregard of the requirement to appear or surrender, and that the person appeared or surrendered as soon as circumstances ceased to exist.
 
 
 5
 To determine whether the "uncontrollable circumstances" defense is applicable to a particular set of facts, we use the analysis applied to the defense of duress. United States v. Atencio, 586 F.2d 744, 746 (9th Cir.1978). The duress defense has three elements: (1) an immediate threat of death or serious bodily injury; (2) a well-grounded fear that the threat will be carried out; and (3) no reasonable opportunity to escape the threatened harm. United States v. Contento-Pachon, 723 F.2d 691, 693 (9th Cir.1984). A fourth element sometimes is required: the defendant must submit to proper authorities after attaining a position of safety. United States v. Jennell, 749 F.2d 1302, 1305 (9th Cir.1984), cert. denied, 474 U.S. 837 (1985). Although the fourth element usually has independent importance in prison-escape cases, "there seems little difference between the third basic requirement that there be no reasonable opportunity to escape the threatened harm and the obligation to turn oneself in to authorities on reaching a point of safety." Id. "[F]ear alone is not sufficient to make a prima facie case of duress." Id.
 
 
 6
 "Factfinding is usually a function of the jury, and the trial court rarely rules on a defense as a matter of law. If the evidence is insufficient as a matter of law to support a duress defense, however, the trial court should exclude that evidence." Contento-Pachon, 723 F.2d at 693 (citations omitted).
 
 
 7
 Levinson argues the district court improperly excluded the postcard, letter and other evidence supporting his claim of "uncontrollable circumstances" under 18 U.S.C. § 3146(c). Although both the postcard and letter were threatening, two facts weigh heavily against either piece of evidence being described as "an immediate threat of death or serious bodily injury." First, Levinson never contacted law enforcement officials about any immediate threat he may have perceived from the evidence. Second, his flight and subsequent failure to appear occurred six months after his receipt of the postcard and letter, a fact tending strongly to show Levinson did not consider the threats as "immediate."
 
 
 8
 Other evidence shows that even if Levinson perceived the postcard and letter as threats, he subsequently failed to turn himself in to authorities once he arrived in Canada. Levinson contacted neither the police, court personnel, nor his own lawyer during his seventeen-day flight into Canada, and when he reentered the country, he did so using a false name.
 
 
 9
 Furthermore, the proffered testimonial evidence also was insufficient to support the "uncontrollable circumstances" defense. Even when examined together with the postcard and letter, the facts that Levinson felt "lousy," "anxious," and under "a lot of stress," and that prior to his flight he appeared "inattentive," "quite depressed," and "very sad and depressed," are not sufficient to satisfy the elements of duress.
 
 CONCLUSION
 
 10
 The district court did not err in holding the postcard, letter and other evidence insufficient as a matter of law to support an "uncontrollable circumstances" defense.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3