19 F.3d 1442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Joseph MARQUEZ, Defendant-Appellant.
 No. 93-50160.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1994.
Decided March 17, 1994.
 
 Before: TANG, PREGERSON, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In March and April of 1992, Appellant Daniel Marquez robbed three banks in Southern California of a total of roughly $8,500. Marquez admitted to robbing the banks, but contended that he did so due to duress. According to his statements and to a diary presented to the judge, Marquez had been forced to rob the banks by members of the Mexican Mafia. Marquez stated that Sana, a member of the Mexican Mafia, had threatened him and his family with injury if he did not commit the crimes. Sana or another member of the Mexican Mafia would accompany Marquez to the bank but not follow him in during the robbery. Marquez was free to approach the authorities at any time during the robberies, yet he did not do so due to his fear of the Mafia.
 
 
 3
 The Government filed a motion in limine to prevent Marquez from presenting any evidence concerning his claims of duress. Because the district judge granted the motion in limine, Marquez entered a conditional guilty plea which would allow him to appeal the judge's decision on the motion. Marquez also currently appeals his sentence, arguing that his previous commitment in the California Rehabilitation Center should not qualify as a predicate for career offender enhancement and that the judge erred by not departing downward based on an imperfect duress defense.
 
 Duress Defense
 
 4
 Although trial courts rarely rule on a defense as a matter of law, "[i]f the evidence is insufficient as a matter of law to support a duress defense, however, the trial court should exclude that evidence." United States v. Contento-Pachon, 723 F.2d 691, 693 (9th Cir.1984). In reviewing whether there is sufficient evidence for a duress defense, this Court does not evaluate the credibility of the proffered evidence. United States v. Bailey, 444 U.S. 394, 414-415 (1980). Even if the statements and diary of Marquez are taken as perfectly true, Marquez failed to present sufficient evidence to support presenting a duress defense to the jury.
 
 
 5
 In order to get a duress defense to the jury, a defendant must make a proffer of proof that there exists (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape the threatened harm. Marquez fails on prong 3 of this test.
 
 
 6
 Marquez baldly states that he feared that the authorities would not protect him and his family if he were to turn himself in to the authorities. He presents no evidence at all to support his belief. Marquez had ample opportunity over the six weeks he robbed the banks to escape from the Mafia or report to the authorities. This Court has held that "a defendant who has acted under a well-grounded fear of immediate harm with no opportunity to escape may assert the duress defense, if there is a triable issue of fact whether he took the opportunity to escape the threatened harm by submitting to authorities at the first reasonable opportunity." Contento-Pachon at 695. Marquez had both an opportunity to escape and an opportunity to submit to the authorities. He took neither opportunity and cannot now assert a duress defense.
 
 
 7
 California Rehabilitation Center Commitment
 
 
 8
 Marquez argues that his commitment to the California Rehabilitation Center (CRC) should not serve as a predicate for career offender enhancement because it is a civil rather than criminal sentence. Marquez points to nothing in the Sentencing Guidelines to support his argument that the civil nature of a commitment makes a difference. The Commentary to Sentencing Guidelines Sec. 4A1.2(f), Diversionary Dispositions, states that: "Section 4A1.2(f) requires counting prior adult diversionary dispositions if they involved a judicial determination of guilt or an admission of guilt in open court. This reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." Marquez was fortunate to be sentenced to the CRC; he should not now be granted further leniency simply due to his previous good fortune.
 
 
 9
 For purposes of career offender enhancement, a sentence of imprisonment is defined as "a sentence of incarceration." Sec. 4A1.2(b)(1). Marquez was incarcerated when he was in the CRC. He was not free to leave, regardless of whether he was there to be cured of his addiction or to be punished. This sentence of incarceration did not end when he was released on outpatient status because he was still under the control of the CRC. His arguments that he did not serve enough time to qualify as a predicate offense are therefore also without merit. He served a total of more than 18 months, easily enough time to qualify as a sentence of imprisonment for purposes of designating him a career offender. Marquez had two predicate felony convictions and the district court did not err in sentencing him as a career offender.
 
 
 10
 Downward Departure Based on Imperfect Duress Defense
 
 
 11
 A district court's decision not to depart downward is not subject to review by this Court. United States v. Koenig, 952 F.2d 267, 273 (9th Cir.1991). De novo review is appropriate for instances when the district court mistakenly believes that it does not have the discretion to depart downward. Nothing in the record indicates that the judge believed that he did not have discretion to depart downward. He stated: "In any event, I will not follow your argument. The analysis submitted by the Government is the one that is more logical and withstands more rigorous examination than the defense argument." Later in the proceedings, the judge stated that he had "serious doubts as to the integrity or credibility of that defense as presented." In deciding to grant the motion in limine, the judge had to accept Marquez's testimony concerning the duress defense; in deciding whether to depart downward, he was free to judge credibility and believability. The district court did not err in deciding not to depart downward.
 
 The district court judgment is AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3