40 F.3d 1247
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Louis KRUTE, Defendant-Appellant.
 No. 93-50336.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1994.
Decided Nov. 23, 1994.
 
 Before: FEINBERG,* SCHROEDER, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Krute appeals his jury conviction and sentence for conspiracy to possess LSD, possession of LSD with intent to distribute, and aiding and abetting in violation of 21 U.S.C. Secs. 846 and 841(a)(1) and 18 U.S.C. Sec. 2.
 
 
 3
 Krute first contends that he is entitled to a new trial because of Jencks Act violations. His principal argument in this regard is that the district court should have ordered the government to produce notes taken of an interview with a key witness, Doest. The notes were filed in camera with the district court. The record does not show that the notes were ever sufficiently adopted by Doest so as to become "statements" that must be produced under the Jencks Act. See United States v. Griffin, 659 F.2d 932, 936-37 (9th Cir.1981), cert. denied, 456 U.S. 949 (1982). There was no abuse of discretion by the district court.
 
 
 4
 The appellant next contends that a possible defense witness, James Maguill, should have received testimonial immunity. The district court fully considered this contention and found that the witness had not been threatened by the government in a manner that would have distorted the fact-finding process, thereby requiring immunity. See United States v. Westerdahl, 945 F.2d 1083, 1086 (9th Cir.1991). We agree with the government that the district court's findings were not clearly erroneous. There was little credible evidence of any actual threat of any kind by the prosecution.
 
 
 5
 Krute also contends that the district court should have permitted him to mount an affirmative defense of duress. The district court considered, prior to trial, the defendant's proffer of evidence. It correctly determined that the evidence did not sufficiently establish the elements of the defense to justify the introduction of the evidence for purposes of establishing a defense of duress. See United States v. Williams, 791 F.2d 1383, 1387 n. 2 (9th Cir.), cert. denied, 479 U.S. 869 (1986). The evidence failed to show an immediate threat leading to his drug dealings or any attempt by the defendant to escape from his dealings with LSD. See United States v. Contento-Pachon, 723 F.2d 691, 693 (9th Cir.1984).
 
 
 6
 The appellant's remaining contentions of error in the denial of a new trial do not require extensive discussion. None of the evidence appellant claims the government should have disclosed, allegedly relating to the credibility of the witnesses Petersen and Gump, could have affected the result of the trial. There was no abuse of discretion in limiting the scope of Petersen's cross-examination. There was no reversible error in the jury instructions. Appellant has also not shown any ineffective assistance of counsel.
 
 
 7
 Finally, the appellant argues the government should have provided certain transcripts which apparently related to testimony of potential witnesses taken in a co-defendant's prior trial. The record does not reflect that the government had any of the transcripts in its possession, and there is no proper showing as to how they would have materially aided this appellant in his defense in this case. There is no authority to support compelling the government to produce a transcript in such circumstances. Contrast United States v. Devlin, 13 F.3d 1361 (9th Cir.1994), on which appellant relies, where the government was required to produce transcripts of defendant's own suppression hearing when the transcripts were already in the hands of the government.
 
 
 8
 Appellant's challenges to his sentence are without merit, except for the contention that the district court should have determined whether the amended U.S.S.G. Sec. 2D1.1(c) applied. The government agrees that we should vacate the sentence and remand on this limited issue.
 
 
 9
 The appellant's convictions are AFFIRMED. The sentence is VACATED AND REMANDED for the limited purpose of determining the applicability of amended U.S.S.G. Sec. 2D1.1(c). The sentence is AFFIRMED in all other respects.
 
 
 
 *
 Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3