70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Angel URENO-MOTA, Defendant-Appellant.
 No. 94-50453.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1995.*
Decided Dec. 4, 1995.
 
 Before: FARRIS, BRUNETTI, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ureno-Mota appeals the district court's refusal to instruct the jury on his duress defense.
 
 
 3
 There is no obligation to instruct a jury on duress if no reasonable jury could conclude that the defendant proved each element of the duress defense. United States v. Shapiro, 669 F.2d 593, 596-97 (9th Cir.1982). The elements of duress include: "(1) an immediate threat of death or serious bodily injury; (2) a well-grounded fear that the threat will be carried out; and (3) no reasonable opportunity to escape the threatened harm." United States v. Becerra, 992 F.2d 960, 964 (9th Cir.1993).
 
 I. Immediate Threat
 
 4
 A threat is immediate only if harm is "impending". United States v. Contento-Pachon, 723 F.2d 691, 694 (9th Cir.1984). Generally, if no one was "present to enforce the threat," a duress instruction is unnecessary. Shapiro, 669 F.2d at 596-97 n. 3. In Shapiro, the defendant failed to establish that there was an immediate threat even though the drug dealers whom she believed were threatening her life were waiting for her outside her apartment. Id. (duress instruction unnecessary because the defendant was "alone ... immediately prior to the cocaine transaction").
 
 
 5
 In Contento-Pachon, we held a threat to be immediate on the grounds that an accomplice of the coercer watched the defendant "at all times." 723 F.2d at 694. However, we have refused to extend Contento-Pachon to cases in which restraint and surveillance was less than complete. In Becerra, the defendant failed to establish an immediate threat even though the coercer was "in his restaurant constantly, often for six to seven hours per day." 992 F.2d at 964.
 
 
 6
 There was no evidence to satisfy the immediate threat element. Even if Alvarez did call "Raul's house constantly, at all hours of the day or night," this level of surveillance falls short of that required by Contento-Pachon.
 
 II. No Reasonable Opportunity to Escape
 
 7
 If the defendant had a chance to contact the police prior to breaking the law, the defendant had a reasonable opportunity to escape, and a duress instruction is unnecessary. See United States v. Charmley, 764 F.2d 675, 676-77 (9th Cir.1985); Shapiro, 669 F.2d at 597 n. 4; Atencio, 586 F.2d 744, 747 (9th Cir.1978). We have allowed a limited exception to this rule when the defendant presented evidence that the police might not offer protection. See Contento-Pachon, 723 F.2d at 694.
 
 
 8
 There was no evidence that there was no reasonable opportunity to escape. If Ureno-Mota had refused to negotiate on behalf of Raul on June 10, he could have contacted the police. Nothing in the record suggests that the police would have been unable to protect Ureno-Mota and his extended family.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3