114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Enrique LOPEZ-HERNANDEZ, aka Carlos Enrique Saenz
Aguilar, Defendant-Appellant.
 No. 96-50400.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1997.*
Decided May 15, 1997.
 
 1
 Before: THOMPSON and T.G. NELSON, Circuit Judges, and FITZGERALD, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Carlos Enrique Lopez-Hernandez pleaded guilty to being a deported alien found in the United States subsequent to convictions for aggravated felonies in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On appeal, he argues that before he pleaded guilty the district court erred by denying his pretrial motion to present to the jury the defenses of duress and necessity. We affirm.
 
 1. DURESS DEFENSE
 
 4
 If the proffered evidence is insufficient as a matter of law to support a duress defense, the trial court should exclude that evidence. United States v. Contento-Pachon, 723 F.2d 691, 693 (9th Cir.1984) (citing United States v. Glaeser, 550 F.2d 483, 487 (9th Cir.1977)). "There are three elements of the duress defense: (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape the threatened harm." United States v. Johnson, 956 F.2d 894, 897 (9th Cir.1992) (quoting Contento-Pachon, 723 F.2d at 693).
 
 
 5
 We agree with the district court that Lopez-Hernandez did not proffer evidence sufficient to show he had no reasonable opportunity to escape the threatened harm (the "death squads"). Lopez-Hernandez could have fled to any of many other Central or South American countries. This would have been a reasonable alternative to breaking, once again, the immigration laws of the United States. In some of these other countries, Lopez-Hernandez would have been eligible to apply for residence and/or political asylum. In the United States, because of his past drug convictions, he was not. The fact that he might have been more comfortable in the United States because he has family here is irrelevant to the determination whether he had any reasonable alternatives to entering this country illegally.
 
 
 6
 Because Lopez-Hernandez did not proffer facts sufficient to justify a duress defense, the district court did not err when it precluded Lopez-Hernandez from presenting the defense.
 
 2. NECESSITY DEFENSE
 
 7
 The evidence proffered by Lopez-Hernandez was also insufficient to support a necessity defense. "A district court may preclude a necessity defense where 'the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense.' " United States v. Schoon, 971 F.2d 193, 195 (9th Cir.1991) (quoting United States v. Dorrell, 758 F.2d 427, 430 (9th Cir.1985)).
 
 
 8
 There are four elements of the defense of necessity: "(1) that [the defendant] was faced with a choice of evils and chose the lesser evil; (2) that he acted to prevent imminent harm; (3) that he reasonably anticipated a causal relation between his conduct and the harm to be avoided; and (4) that there were no other legal alternatives to violating the law.... [I]f defendants' offer of proof is deficient with regard to any of the four elements, the district judge must grant the motion to preclude evidence of necessity." United States v. Aguilar, 883 F.2d 662, 693 (9th Cir.1989). See also Schoon, 971 F.2d at 195.
 
 
 9
 Lopez-Hernandez did not present evidence sufficient to show he had no legal alternative to entering this country illegally. Between 1993 and 1995 he could have sought legal entry into a number of other countries. Because he could not demonstrate that other legal options were foreclosed, his proffer on the necessity defense failed.
 
 CONCLUSION
 
 10
 The trial court properly precluded Lopez-Hernandez from presenting evidence on the duress and necessity defenses because the evidence he proffered was insufficient as a matter of law to support those defenses.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. James M. Fitzgerald, Senior District Judge for the District of Alaska, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3