**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose HERNANDEZ–TORRES,**
**Defendant–Appellant.**

No. 00–50610.

DC NO. CR–00–00981–MLH.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2001 *.

Decided July 6, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before D.W. NELSON, FERNANDEZ and RYMER, Circuit Judges.

### MEMORANDUM [**]

Jose Hernandez–Torres appeals his conviction on charges of importation marijuana and possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 952, 960, and 841(a)(1). We affirm.

■ Hernandez–Torres argues that the district court erred by prohibiting testimony about the Arellano–Felix drug trafficking organization and by failing to instruct the jury on duress. Neither argument has merit. First, the district court did not prohibit testimony about the drug cartel. It merely refused to allow general evidence about the Arellano–Felix organization until after the defendant testified that he smuggled drugs because he was under an implicit threat by someone associated with the cartel. The district court gave the defendant ample opportunity to recall customs inspectors to testify on that issue, but the defense declined to do so. The district court's limitation of cross-examination was entirely proper and did not violate the defendant's Sixth Amendment rights.

■ Second, the evidence presented by Hernandez–Torres did not warrant a duress instruction. There are three elements of a duress defense: "(1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape the threatened harm." *United States v. Contento–Pachon,* 723 F.2d 691, 693 (9th Cir.1984) (citation omitted). "A defendant is entitled to an instruction on the defense of duress only where the defendant makes a prima facie showing of the elements constituting the defense." *United States v. Asuncion,* 973 F.2d 769, 772 (9th Cir.1992) (citation omitted).

The evidence presented by Hernandez–Torres does not satisfy the first element of a defense of duress. Decisions by this court on what constitutes a prima facie showing have required specific and direct threats of physical harm. *Compare, e.g., United States v. Otis,* 127 F.3d 829, 835 (9th Cir.1997) (requiring duress instruction where defendant testified that the Cali cartel had kidnaped his father in Colombia and had threatened further harm to the defendant's father unless the defendant worked for it in the United States); *Contento–Pachon,* 723 F.2d at 693 (reversing exclusion of duress evidence where a drug dealer threatened to kill the defendant and his family unless he smuggled cocaine) *with United States v. Becerra,* 992 F.2d 960, 962, 964 (9th Cir.1993) (holding that the district court's refusal to instruct on duress was proper where defendant testified that he set up a cocaine deal because he feared a prospective buyer was Mafia-connected and would kill him or someone in his family if he did not act).

While Hernandez–Torres may have had good reason to fear Gonzales, Gonzales made no immediate threat of physical harm to Hernandez–Torres or his grandmother. Gonzales offered Hernandez–Torres $1,500 to drive a load vehicle only after Hernandez–Torres discussed his financial problems at a party. If Gonzales's admonition not to "mess up" is allowed to be the basis for showing an immediate threat of serious injury or death, then just about every smuggler working for a drug

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cartel would be entitled to a duress instruction.

AFFIRMED.[1]

---

1. We vacate submission of Hernandez–Torres's *Apprendi* claims in an order filed concurrently with this disposition.

