**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ronald Craig MOSLEY, Defendant–**
**Appellant.**

No. 01–10662.
D.C. No. CR–01–0146 SI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2002.

Decided Jan. 10, 2003.

Before BRUNETTI and TASHIMA, Circuit Judges, and EZRA,* District Judge.

---

* The Honorable David Alan Ezra, Chief United States District Judge for the District of Hawaii, sitting by designation.

## MEMORANDUM **

Federal prisoner Ronald Craig Mosley ("Defendant") appeals from the district court's decision denying his motion to present a duress defense in the criminal proceeding against him for escaping from federal custody, in violation of 18 U.S.C. § 751(a). Defendant escaped from his assigned half-way house because he feared that a fellow inmate would carry out an immediate threat of serious bodily injury to him or his family. Defendant remained hidden for five weeks before voluntarily surrendering himself to the federal probation office. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's judgment of conviction.

Defendant claims that he escaped from the half-way house because of a well-grounded fear for his well being. He asserted that he intended to remain in hiding only until the date he believed the threat would end.

The district court's preclusion of a duress defense is reviewed *de novo*. *United States v. Contento–Pachon*, 723 F.2d 691, 693 (9th Cir., 1984).

The Ninth Circuit has established a four-factor test to determine if a defendant has established a prima facie case for a defense of duress in a prosecution for escape from confinement. The four factors require: (1) that the threat and fear which the threat caused were immediate and involved death or serious bodily injury; (2) that the fear was well-grounded; (3) that there was no reasonable opportunity to avoid or escape the threatened harm; (4) that the defendant submitted to proper authorities after attaining a position of safety. *United States v. Peltier*, 693 F.2d 96, 98 (9th Cir.1982). In its application of the facts to the four-prong analysis, the onus was on the court to ensure that Defendant's statements as to his future intentions were neither vague nor necessarily self-serving. *United States v. Bailey*, 444 U.S. 394, 415, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980).

Having reviewed the record, we conclude that Defendant did not establish a prima facie case such that he could present a duress defense at trial. As the district court noted, the precedent set forth in *United States v. Wofford*, 122 F.3d 787 (9th Cir.1997), requires the defendant to take reasonable steps to avoid the threatened harm, thus ensuring that inmates do not abuse the ability to use a duress defense.

We find that Defendant's actions failed to meet this reasonableness standard. Although still in custody, Defendant was allowed to keep a car, leave the premises to attend his full-time job, and to have unlimited phone privileges. There is little doubt that Defendant's fears were well-grounded and that they involved a threat of death or bodily harm; thus, Defendant satisfied the first two factors. However, Defendant failed to prove his case on factors three and four.

Defendant had available to him reasonable alternatives to escape. He had the ability to contact a number of persons not associated with the half-way house either while he was outside of the facility or with his unlimited phone privileges. He could have contacted an attorney, driven to another jurisdiction to seek help, or, sought help from the United States Probation Office to which he eventually turned himself in. Moreover, Defendant failed to follow the procedures that were both set forth in the handbook he received upon admission to the half-way house and posted on bulletin boards throughout the facility. Despite

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

Defendant's claims that he could not trust the staff at the half-way house, such explanations did not justify his failure to follow the procedures that extended beyond the half-way house.

Defendant also failed to present evidence to justify the lengthy period of time between his escape and voluntary surrender to authorities. Defendant attempted to argue that there is no requirement of immediacy and that what constitutes a position of safety is a question of fact for the jury to decide. However, if the question of whether a defendant had reached a place of safety is measured subjectively, Defendant could have remained at large for an indefinite period of time. Once Defendant left the half-way house, he had attained a position of safety. Thus, Defendant should have turned himself in immediately either to the police department or to the federal probation office.

AFFIRMED.