**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No.  15-10556 |
| Plaintiff-Appellee, | D.C. No. 5:14-cr-00303-LHK-1 |
| v. |  |
| SERGIO RAMIREZ GUDINO, | MEMORANDUM[*] |
| Defendant-Appellant. |  |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted November 16, 2016
San Francisco, California

Before:  GOULD, CLIFTON, and WATFORD, Circuit Judges.

Sergio Ramirez Gudino appeals his conviction of possession with intent to distribute methamphetamine on the grounds that the district court erroneously precluded him from asserting a duress defense at trial.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

A year after being charged with one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), Gudino told the district court that he intended to present a duress defense at trial. The government sought to preclude this defense in a pretrial motion *in limine.* Gudino submitted an offer of proof summarizing his duress claim. In short, Gudino asserted that a man whom Gudino did not know visited Gudino's residence and instructed Gudino to sell methamphetamine on behalf of a narcotics trafficker in Mexico. After one of Gudino's two brothers was killed in Lázaro Cárdenas, Michoacán, the same unknown man returned to Gudino's residence twice, again instructing Gudino to sell methamphetamine. The man made threats suggesting that Gudino's remaining brother—who also lived in Michoacán—would be killed if Gudino did not sell the methamphetamine. Allegedly fearing for his remaining brother's safety, Gudino attempted to sell the methamphetamine. The district court found this proffer insufficient as a matter of law and precluded Gudino from asserting this duress defense at trial.

We review the district court's decision precluding Gudino's duress defense *de novo. United States v. Chi Tong Kuok*, 671 F.3d 931, 947 (9th Cir. 2012). To be sufficient, a pretrial proffer of duress must offer evidence that, if credited, establishes that Gudino (1) "was under an immediate threat of death or serious

bodily injury," (2) "had a well grounded fear that the threat would be carried out," and (3) "had no reasonable opportunity to escape." *Id*.

We agree with the district court that Gudino's proffer did not establish the first element of immediacy. Such a threat "must be 'present, immediate, or impending,' such that the defendant's persecutors 'figuratively held a gun to his head' (or to his family's heads) compelling the defendant to commit the illegal action." *United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008) (quoting *United States v. Contento-Pachon*, 723 F.2d 691, 694 (9th Cir. 1984); *United States v. Shryock*, 342 F.3d 948, 988 (9th Cir. 2003)). The facts in Gudino's proffer did not meet this threshold. Contrary to Gudino's assertion, this case is unlike *Contento-Pachon* or *Chi Tong Kuok*. In both those cases, the threatening party demonstrated intimate knowledge of the defendants' family members' whereabouts, as well as a capacity to harm the family members. Gudino's proffer alleged no facts suggesting that the unnamed visitor knew where Gudino's remaining brother lived, or anything else about Gudino's family, other than the fact that his other brother was no longer alive.

Further, the threat Gudino proffered was neither "specific" nor "direct." *See Chi Tong Kuok*, 671 F.3d at 948–49. To the contrary, the threat against Gudino's remaining brother was vague. We have held that similar threats to kill a family

3

member—even when the defendant legitimately feared the threat—without more, were insufficient to establish the immediacy element of duress. *See, e.g.*, *Vasquez-Landaver*, 527 F.3d at 803–04; *United States v. Houston*, 648 F.3d 806, 816 (9th Cir. 2011); *United States v. Becerra*, 992 F.2d 960, 964 (9th Cir. 1993).

Because we hold that Gudino's proffer did not demonstrate an immediate threat, we need not address the parties' arguments regarding the other two elements.

**AFFIRMED.**