# United States Court of Appeals
## For the First Circuit

No. 13-2023

UNITED STATES,

Appellee,

v.

PATRICK GAFFNEY-KESSELL

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Lynch, Chief Judge,
Stahl and Kayatta,
Circuit Judges.

Charles Allan Hope, with whom Cunha & Holcomb, P.C. were on brief, for appellant.
Margaret D. McGaughey, Assistant United States Attorney, with whom Thomas E. Delahanty II, United States Attorney, was on brief, for appellee.

November 18, 2014

**STAHL, Circuit Judge**.    Defendant-Appellant Patrick Gaffney-Kessell pleaded guilty to travel with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(b). Although he lodged no objection to the presentence report or during the sentencing hearing, he now appeals his sentence, challenging the application of an enhancement for having engaged in "a pattern of activity involving prohibited sexual conduct," U.S. Sentencing Guidelines Manual § 4B1.5(b)(1), as well as the overall reasonableness of his sentence.    We affirm.

## I.  Facts & Background

As this appeal follows the entry of a guilty plea, we draw the facts from the uncontested presentence report (PSR) and the transcript of the sentencing hearing.  United States v. Nguyen, 618 F.3d 72, 73 (1st Cir. 2010).

In October 2010, Gaffney-Kessell, then twenty-six years old, began communicating with Jane Doe,[1] then thirteen, on Facebook.    Over the ensuing months, Gaffney-Kessell and Doe exchanged numerous e-mails and text messages, spoke on the phone, and engaged in instant messaging.  Many of these conversations were sexual in nature.  Although Doe had advised Gaffney-Kessell of her age, he nonetheless sent her lewd photographs of himself, including pictures of him masturbating, and described sexual activities he wished to engage in with her.

_____

[1] A pseudonym.

-2-

On January 12, 2011, Gaffney-Kessell traveled approximately ten hours from Maine to Pennsylvania, where Doe lived. He rented a motel room near Doe's home and spent four or five days there. When Doe refused to meet him at the motel, Gaffney-Kessell drove to her home and lingered in front of the house. Frightened, Doe told her parents about Gaffney-Kessell and, from the record before us, it appears that she asked him to leave.

In some manner again unclear from the record, the police became involved in the matter. Gaffney-Kessell admitted to police during an interview that his motive for the trip to Pennsylvania was to have sex with Doe, and that he would have done so had she agreed to meet him at the motel. Further investigation uncovered evidence that Gaffney-Kessell had engaged in online and/or sexual relationships with at least two other underage females. Allegations that he had had sexual intercourse with one of those females, then fifteen years old, on at least two occasions formed the basis of a Maine state charge against him for sexual abuse of a minor.

A federal information subsequently was filed in this case, charging Gaffney-Kessell with travel with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(b). Represented by counsel, he waived indictment and pleaded guilty to

the information.[2]  He lodged no written objection to the sentence recommendations contained in the ensuing PSR, discussed below.[3]

At the sentencing hearing, Gaffney-Kessell reiterated his guilt and confirmed that the version of events described in the PSR was accurate.  Although defense counsel made a general plea for leniency, he did not recommend a specific sentence, as Gaffney-Kessell had instructed him not to do so.  Gaffney-Kessell told the court that he "wish[ed] to make no request as far as [his] sentencing [was] concerned," and represented, both personally and through counsel, that he believed that any sentence imposed would be just and appropriate.

In sentencing, the district court took note of statements from Gaffney-Kessell's family members and therapist, which attested to his own history of sexual abuse as a child.  The court observed that other relevant factors included the age discrepancy between Gaffney-Kessell and Doe; his use of the Internet to send pictures to Doe, which "is associated with efforts on behalf of an older male to groom a young victim"; his history of sexual conduct with

---

[2] There was no plea agreement.

[3] The record before us reflects that defense counsel raised one objection to the presentence report.  Although the matter was resolved in due course, the nature of the objection is unclear. However, Gaffney-Kessell does not contest the government's characterization of it as "an unrelated objection . . . that was cured by revisions."

underage girls; and the fact that he "crossed the line . . . from fantasy to reality."

In accordance with the PSR's recommendations, the district court calculated Gaffney-Kessell's base offense level at 24, per section 2G1.3(a)(4) of the U.S. Sentencing Guidelines Manual. The court then applied a two-level enhancement for his use of a computer in the commission of the offense, U.S.S.G. § 2G1.3(b)(3)(B), and a five-level enhancement for his "pattern of activity involving prohibited sexual conduct," U.S.S.G. § 4B1.5(b)(1), before decreasing his offense level by three for his acceptance of responsibility, U.S.S.G. § 3E1.1. The five-level enhancement was based on Gaffney-Kessell's alleged sexual contact with the fifteen-year-old girl, which was then the subject of the pending Maine state charge.[4,5] The court ultimately sentenced Gaffney-Kessell to seventy-eight months in prison – at the lowest end of the guidelines range – plus five years of supervised

---

[4] The application notes to the sentencing guidelines define "a pattern of activity involving prohibited sexual conduct" as comprising at least two separate instances of prohibited sexual conduct with a minor. U.S.S.G. § 4B1.5 cmt. n.4(B)(I). The application notes explain further that "[a]n occasion of prohibited sexual conduct may be considered . . . without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion." Id. cmt. n.4(B)(ii).

[5] Gaffney-Kessell pleaded guilty to the Maine charge shortly after sentencing in this case.

release.  Gaffney-Kessell did not object at the sentencing hearing but nonetheless appeals from the imposition of the sentence.

## II.  Analysis

Gaffney-Kessell argues on appeal that the five-level sentence enhancement based on "a pattern of activity involving prohibited sexual conduct" was improper, and that the district court abused its discretion in failing to impose a sentence below the guidelines range.  Before turning to the merits, we address the government's contention that these claims have been waived.

The government asserts that Gaffney-Kessell affirmatively waived, rather than merely forfeited, his objections to the sentence imposed.  The government grounds this argument in Gaffney-Kessell's failure to file a written objection to the recommended sentence in the PSR, his failure to object either to the PSR's findings or the district court's guidelines computations at the sentencing hearing, and both his and defense counsel's avowal that whatever sentence imposed would be fair and appropriate.

Whether an objection has been waived or simply forfeited affects the scope of our appellate review.  A litigant effects a waiver by intentionally relinquishing or abandoning a known right. United States v. Olano, 507 U.S. 725, 733 (1993).  Doing so means that that issue "ordinarily cannot be resurrected on appeal." United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002).  By contrast, forfeiture refers not to affirmative conduct but rather

to a "failure to make the timely assertion of a right." <u>Olano</u>, 507 U.S. at 733; <u>Rodriquez</u>, 311 F.3d at 437. A forfeited issue still may be reviewed on appeal, albeit for plain error. <u>Olano</u>, 507 U.S. at 733–34; <u>Rodriquez</u>, 311 F.3d at 437.

The conduct of both Gaffney-Kessell and his attorney in this case "might well constitute a waiver." <u>United States</u> v. <u>Martinez-Vargas</u>, 321 F.3d 245, 249 (1st Cir. 2003). Beyond simply not objecting to the individual sentence enhancements or to the overall sentence imposed, defense counsel affirmatively declined to make a sentence recommendation. Counsel noted that his client "ha[d] specifically instructed [him] not to ask for any recommendation," believing that "whatever sentence the court impose[d would] be just and appropriate." Gaffney-Kessell himself made a statement to the same effect. These actions ring not of "oversight, inadvertence, or neglect in asserting a potential right," <u>United States</u> v. <u>Eisom</u>, 585 F.3d 552, 556 (1st Cir. 2009), but rather of a deliberate course of conduct.

However, it is not necessary to resolve the question of waiver definitively because it is evident that Gaffney-Kessell's claims do not rise to the level of plain error in any event. <u>Cf.</u> <u>Martinez-Vargas</u>, 321 F.3d at 249–50 (assuming without deciding that forfeiture rather than waiver occurred and finding no plain error). Gaffney-Kessell first attacks the five-level sentence enhancement imposed, per U.S.S.G. § 4B1.5, after the court considered the

-7-

pending state charge for a separate offense and found that he had engaged in a pattern of activity involving prohibited sexual conduct. He argues that the Sentencing Reform Act specifically directs the Sentencing Commission to promulgate guidelines responsive to the nature of "the offense," 28 U.S.C. § 994(c) (emphasis added), and that the guidelines violate this mandate insofar as they authorize sentencing courts to consider "relevant conduct," including other uncharged, dismissed, or pending offenses beyond the offense of conviction.[6]

Although Gaffney-Kessell's brief catalogs a plethora of dissenting opinions and academic articles criticizing the "relevant conduct" provision of the guidelines generally, it fails either to acknowledge or account for controlling precedent, which dictates the result of his particular challenge to U.S.S.G. § 4B1.5(b). The Supreme Court has held that the guidelines' grant of discretion to sentencing judges to consider a defendant's other relevant conduct, including uncharged or unconvicted conduct, is consistent with both

---

[6] Gaffney-Kessell challenges the "relevant conduct" guideline broadly, in apparent reference to section 1B1.3 of the U.S. Sentencing Guidelines Manual, titled "Relevant Conduct (Factors that Determine the Guideline Range)." However, section 1B1.3(b) expressly notes that "factors in Chapters Four and Five that establish the guideline range shall be determined on the basis of the conduct and information specified in the respective guidelines." Thus, the specific guideline relevant to Gaffney-Kessell's argument is section 4B1.5, which governs repeat and dangerous sex offenders against minors. Application note 4(b)(ii) of that guideline makes clear that other instances of prohibited sexual conduct can be considered in sentencing, regardless of whether such conduct resulted in a conviction.

the Sentencing Reform Act and principles of due process, provided that the underlying facts are found by a preponderance of the evidence. United States v. Watts, 519 U.S. 148, 153–56 (1997). It follows that there is no comparable statutory or constitutional impediment to considering a specific category of "relevant conduct," i.e., instances of prohibited sexual conduct, in applying U.S.S.G. § 4B1.5(b) to a defendant convicted of a "covered sex crime." Indeed, we have affirmed the consideration of unconvicted sexual conduct in the context of a guideline virtually identical to the one at issue here, U.S.S.G. § 2G2.2(b)(5), which authorizes a five-level enhancement "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." United States v. Woodward, 277 F.3d 87, 91 (1st Cir. 2002); see United States v. Clark, 685 F.3d 72, 79 (1st Cir. 2012). Other circuits, too, have affirmed the application of the precise guideline at issue here, based on evidence of prior instances of unconvicted sexual conduct. See, e.g., United States v. Rothenberg, 610 F.3d 621, 625 n.5, 627 (11th Cir. 2010); United States v. Phillips, 431 F.3d 86, 93 (2d Cir. 2005).

Moreover, to the extent that Gaffney-Kessell contends that guideline 4B1.5(b) impermissibly broadens the statutory reference to "the offense," 28 U.S.C. § 994(c), beyond the offense of conviction, his argument is undercut by the plain language of 18 U.S.C. § 3661. That provision clearly states that "[n]o

limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Thus, there was no error, let alone plain error, in the district court's application of the five-level enhancement, based on its finding that the offense of conviction, along with the conduct underlying the pending state charge, constituted a pattern of prohibited sexual conduct.

Gaffney-Kessell also challenges the overall sentence imposed as "greater than necessary" for the purpose of punishment. See 18 U.S.C. § 3553(a). Particularly in light of his own history of sexual abuse and the progress he had made in therapy by the time of sentencing, he argues that the district court improperly declined to impose a sentence below the guidelines range. This claim, too, falls short of the plain-error hurdle, as there was "a plausible sentencing rationale and a defensible result," rendering the sentence substantively reasonable. United States v. Ayala-Vazquez, 751 F.3d 1, 32 (1st Cir. 2014) (internal quotation marks omitted). The district court noted that it had considered each of the factors set forth in § 3553(a); it properly weighed evidence of Gaffney-Kessell's background, including evidence of his "horrible, traumatic youth," against the circumstances of the offense, ultimately choosing a sentence at the lowest end of the guidelines

range.    Gaffney-Kessell  has  not  "adduce[d]  fairly  powerful mitigating reasons [that] persuade us that the district court was unreasonable,"  as  he  must  in  challenging  a  sentence  within  a properly calculated guidelines range.   United States v. Clogston, 662 F.3d 588, 592–93 (1st Cir. 2011) (internal quotation marks omitted).

## III.  Conclusion

As  Gaffney-Kessell  has  demonstrated  no  plain  error justifying resentencing, we AFFIRM his sentence.