NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIRNA SANTANA CHAMU, et al., | No. 20-72884 |
| Petitioner, | Agency Nos. A206-498-472 |
| v. | A206-498-464 |
| | A206-498-465 |
| PAMELA BONDI, Attorney General, | A206-498-466 |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2025**
Pasadena, California

Before: WARDLAW and KOH, Circuit Judges, and CHEN,*** District Judge.

Mirna Santana Chamu and her three minor children, natives and citizens of

Mexico, petition for review of a decision of the Board of Immigration Appeals

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**        The panel previously granted Petitioners' unopposed motion to submit this case on the briefs.

\***        The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

("BIA").[1] The BIA dismissed Ms. Santana's appeal from an Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review the agency's determination that Mrs. Santana failed to show eligibility for asylum, withholding of removal, and CAT protection, under the substantial evidence standard. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We deny Mrs. Santana's petition.

1. As to Mrs. Santana's claim for asylum and withholding of removal, substantial evidence supports the agency's determination that Mrs. Santana failed to demonstrate the requisite nexus between her fear of persecution and a protected ground. *See Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023) (upholding denial of asylum and withholding of removal where petitioner failed to establish a nexus between a protected ground and past or future harm); *Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2023).

Mrs. Santana alleges a family-based particular social group. Although "the family remains the quintessential particular social group," *Rios v. Lynch*, 807 F.3d

---

[1] Mrs. Santana is the Lead Petitioner, and her children's applications for relief are derivative of hers. This memorandum disposition therefore analyzes only Mrs. Santana's claims, with the understanding that her children's claims are encompassed within them.

1123, 1128 (9th Cir. 2015), the record does not compel the conclusion that family membership was "one central reason" or even "a reason" for the harm to her relatives. *See Barajas-Romero*, 846 F.3d at 360 (drawing "no distinction" between the "one central reason" phrase in the asylum statute and the "a reason" phrase in the withholding of removal statute "because there was no nexus at all"). Mrs. Santana testified that she did not know who perpetrated the violence, believed the incidents were unrelated and random, and feared "all of" the criminal groups in Mexico. Mrs. Santana's family has experienced tragic and senseless acts of violence at the hands of criminal gangs. But the record establishes that the attacks were motivated by random criminal activity or ransom demands, not family ties. *See Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010) (holding that random criminal violence against a family based on financial motives was insufficient to establish nexus).

Because Mrs. Santana fails to establish a nexus between the incidents of violence and her proposed particular social group, "the record does not compel us to reverse" the agency's decision denying Mrs. Santana's asylum claim. *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 891 (9th Cir. 2021). And because Mrs. Santana has not established eligibility for asylum, it follows that she does not meet the higher "clear probability" standard required for withholding of removal. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

2. Substantial evidence also supports denial of CAT relief. Mrs. Santana must show that it is "more likely than not" that she would be tortured if returned to Mexico, and that such torture would occur "by or at the instigation or with the consent or acquiescence of a public official or other person acting in an official capacity." *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) (internal quotation marks and citation omitted).

Mrs. Santana has not alleged past torture, identified any specific threat of future torture, or presented evidence of circumstances indicating that officials would consent to, or ignore, her torture. Her testimony reflects a generalized fear of all criminal groups in Mexico, and the record contains no evidence suggesting that government officials ever targeted Mrs. Santana's family or that they would turn a blind eye to her torture.

Although Mrs. Santana submitted country conditions reports evidencing systemic violations of human rights, and government officials' involvement or acquiescence to torture generally, none of the reports establish that Mrs. Santana herself is more likely than not to be tortured, or that her particular circumstances or social status places her at an elevated risk of torture beyond that faced by the general public. Absent such evidence, a generalized showing of violence and police corruption does not compel the conclusion that Mrs. Santana is more likely than not to be tortured with the government's participation or acquiescence if

4

returned to Mexico.  *See, e.g.*, *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022) (denying petition where petitioner offered "no evidence to show that he faces any particularized risk of torture (or kidnapping or extortion) higher than that faced by all Mexican citizens"); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) ("Where Petitioners have not shown they are any more likely to be victims of violence and crimes than the populace as a whole in Mexico, they have failed to carry their burden [under CAT].").

Substantial evidence thus supports the agency's decision denying all forms of relief.

**PETITIONS DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.